IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:05cv234

| | |
|---|---|
| GERALD MADVIG, Derivatively on Behalf of Nominal Defendant INGLES MARKETS, INC., ) ) ) ) | |
| Plaintiff, ) ) | |
| Vs. ) ) | ORDER |
| CHARLES L. GAITHER, JR.; ROBERT P. INGLE; ROBERT P. INGLE, II; JAMES W. LANNING; JOHN O. POLLARD; CHARLES E. RUSSELL; LAURA INGLE SHARP; BRENDA S. TUDOR; and J. ALTON WINGATE, ) ) ) ) ) ) ) ) | |
| Defendants, ) ) | |
| and ) ) | |
| INGLES MARKETS, INC., ) ) | |
| Nominal Defendant. ) ) | |

**THIS MATTER** is before the court on the joint Motion to Set Discovery and Pleading Schedule (#35). Such motion comes on the heels of a motion filed with the court indicating that this matter had been settled.

For relief, the parties seek an order from this court setting periods of time within which defendants may object to plaintiffs' Request for Production and produce documents in response to such request. Further, the parties ask this court to set a discovery deadline that come before the Motion to Dismiss is fully briefed, and to allow the response to such motion to be filed some four months hence and the reply one month later. The cart has been placed in front of the horse inasmuch as court-enforceable discovery has not been opened.

The court has, thus far, been quite generous in staying these proceedings in favor of

-1-

settlement discussions. There is, however, no cause provided in the instant motion as to why the deadlines contained in the Local Rules should not be complied with as to motions to dismiss. There is no explanation as to why discovery should be commenced before the motions to dismiss have been resolved and before the defendants have even answered. The motions to dismiss were filed in this matter on October 10, 2005, making them now reportable as "late motions," and the court can see no reason to further delay their disposition.

Finally, it does not appear that court-sanctioned discovery has commenced inasmuch as issues have not been "joined." Indeed, the pending motions to dismiss have not even been fully briefed. While parties are encouraged by this court to engage in consensual discovery well before the action is even filed and up to the day of trial, the time within which a court will "referee" discovery is much narrower, and is limited in the first instance by the Rule 26(d), Federal Rules of Civil Procedure, and in the end by the Pretrial Order and Case Management Plan. In this case, no Certificate of Initial Attorneys Conference has been filed, and no Pretrial Order and Case management Plan has been entered by the court (despite references thereto in past two motions). Court-enforceable discovery is inappropriate where the parties have not developed a proposed discovery plan pursuant to Rule 26(f), Federal Rules of Civil Procedure, and no Pretrial Order has been entered. Simmons v. Justice, 87 F.Supp.2d 524, 535 (W.D.N.C. 2000). By placing such limits on court-enforceable discovery, the court can give its full attention to either preliminary issues such as a motion to dismiss, or final issues such as trial preparation, without the distraction of discovery disputes. As a general rule, this court takes the position that regardless of when the attorneys actually conduct their first meeting, court-enforceable discovery does not commence until the Pretrial Order and Case Management Plan is entered.

It appearing that the prolonged stay has caused a departure from the requirements of the local rules, an in-court conference will be set at which the parties should come prepared to discuss an expedited schedule for resolving the motions to dismiss.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the joint Motion to Set Discovery and Pleading Schedule (#35) is **DENIED**, and this case is set for an Initial Pretrial Conference on April 12, 2006, at 2 p.m.

Signed: March 27, 2006

Dennis L. Howell
United States Magistrate Judge