UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

| | |
|---|---|
| GERALD MADVIG, Derivatively on Behalf Of Nominal Defendant INGLES MARKETS, INC., <br><br>**Plaintiff,**<br><br>v.<br><br>CHARLES L. GAITHER, JR., ROBERT P. INGLE, ROBERT P. INGLE, II, JAMES W. LANNING, JOHN O. POLLARD, CHARLES E. RUSSELL, LAURA INGLE SHARP, BRENDA S. TUDOR, and J. ALTON WINGATE,<br><br>**Defendants,**<br><br>and<br><br>INGLES MARKETS, INC.,<br><br>**Nominal Defendant.** | Case No. 1:05cv234 |

### STIPULATION AND PROTECTIVE ORDER

THIS DAY CAME the Parties, by their respective counsel (all parties having appeared previously before the Court on April 7, 2006, pursuant to the Court's Order, to discuss and resolve, *inter alia*, the matters that are the subject of this Stipulation and Protective Order), and requested the Court, pursuant to Fed. R. Civ. P. 26(c) and 29, to approve and enter this Stipulation and Protective Order.

The Parties stipulate and agree that discovery in, and litigation of, the above-captioned action ("Action") necessarily will involve the production of information and documents that the Parties, and non-parties whose information and documents may be included in the production, consider to be sensitive, confidential, proprietary, privileged, trade secrets and/or protected by

1

common law, statutory and/or other privileges and protections (such information and documents referred to hereafter as "Confidential").

The terms of this Stipulation and Protective Order ("Protective Order") being agreed, it appearing that discovery and litigation of this Action will involve disclosure of certain Confidential information, and good cause appearing,

IT IS HEREBY ORDERED that:

1. A protective order restricting use and dissemination of Confidential information is necessary and appropriate to facilitate discovery and litigation of this Action.

2. Any document designated as "confidential" and all information contained therein shall be deemed "Confidential Material" and shall be treated as such. All Confidential Material shall be produced, used and disposed of in accordance with the terms of this Protective Order.

3. All documents produced by defendants in response to Plaintiff's First Request for Production shall be marked as "confidential" and shall be treated as Confidential Material.

4. The Parties have stipulated and agreed previously that in lieu of providing all of the underlying documents, phone slips, computer files, e-mails, etc., constituting the universe of documents responsive to Requests Nos. 5-12 of Plaintiff's First Requests for Production, Defendants will produce summary reports and analyses utilized by the Special Committee of the Board of Directors of Ingles Markets, Inc. as the synthesis for arriving at its final report and recommendation. Defendants shall also produce documents responsive to Requests Nos. 1-4 of Plaintiff's First Requests for Production. **PROVIDED, HOWEVER**, that Defendants shall not waive and shall not be deemed to have waived any objections they may have regarding the scope of discovery or any objections based on the attorney-client privilege or the attorney work

product protection, by reason of the fact that Defendants provide the documents described in this Paragraph 4.

5.      This Protective Order is effective upon entry by the Court; provided, however, that any Confidential Material that is produced by any Party before this Protective Order is entered by the Court shall be subject to this Protective Order and all protections provided herein.  In the event the Court does not enter this Protective Order in its entirety as signed by the Parties, any Confidential Material disclosed prior to the Court's disapproval shall nonetheless be protected and the Parties shall in good faith attempt to negotiate any terms that the Court disapproves.

6.      Unless otherwise agreed in writing by the Parties, Confidential Material shall be used solely for the purposes of litigating this Action, shall be used only by the Parties and their respective counsel, and shall not be used for any other purpose whatsoever, including but not limited to any other legal, business, proprietary, commercial or other purpose.

7.      The Parties agree to maintain all Confidential Material in confidence.  The Parties further agree that all Confidential Material shall not, in any manner, in any form, in whole or in part, be shared or discussed with, disclosed, provided or produced to any person, entity or judicial tribunal other than counsel of record for any Party to this Action, along with their partners, associates, agents, paralegals and clerical or administrative support staff for this Action.

Each person to whom access is given to Confidential Material shall be advised by the Party giving access that such material is governed by the Protective Order, that such material is being disclosed pursuant to the terms of the Protective Order and that such material may not be

disclosed or used in any way or manner by any person other than in accordance with the Protective Order.

8. Confidential Material may be used at hearings or at depositions, if any, in accordance with the following procedure. If Confidential Material is used or referred to at hearings or in depositions, the cover page of the original deposition transcript and all transcript copies shall be marked "Contains Confidential Information" and all portions of the transcript of such deposition and exhibits thereto that refer to or relate to such Confidential Material shall be considered "confidential" and shall be treated as such. If Confidential Material is filed with the Court, attached to any papers filed with the Court, or quoted in any pleading filed with the Court, such Confidential Material and filings shall be filed under seal.

9. Nothing herein shall restrict the presentation of any evidence at trial or any other hearing; provided that such presentation shall not constitute a waiver of any restriction contained in this Protective Order, and the Parties shall take reasonable steps to maintain the confidentiality of such evidence at trial or any other hearing in such manner as the Court may direct.

10. Any person in possession of Confidential Material who receives a subpoena (or other process) from any person or entity (including but not limited to natural persons, corporations, partnerships, firms, governmental agencies, commissions, exchanges, departments, bodies, boards, associations, etc.) who is not a Party to this Protective Order seeking production or other disclosure of such Confidential Material shall promptly give telephonic notice and written notice by overnight delivery or confirmed facsimile transmission to counsel for the person or entity who produced and/or designated the information or materials as Confidential. The notice shall identify the information or materials sought and enclose a copy of the subpoena or other process. Whenever possible, written notice shall be provided at least ten (10) business days before

production or other disclosure. In no event shall production or other disclosure be made before the latest of (a) the date on which notice is given, or (b) the return date of the subpoena.

11. At the conclusion of this Action, all Confidential Material and all copies thereof shall be disposed of in the manner specified by the Designating Party. This obligation extends to all copies of Confidential Material in a Party's possession, custody and control and in the possession, custody and control of persons and entities to whom that Party has distributed copies of Confidential Material. If any Confidential Material is furnished to any expert or to any other person, counsel for the providing Party shall ensure that all Confidential Material is returned.

12. The Parties' obligations under the terms of this Protective Order shall survive resolution of this Action and/or termination of this Protective Order and shall be binding on the Parties' successors or assigns.

IT IS SO ORDERED.

Signed: May 1, 2006

_____
Dennis L. Howell
United States Magistrate Judge